**Cherry MASON, as an individual and as Successor in Interest to decedent, Sonserra Holloway, Plaintiff—Appellant,**

v.

**UNITED STATES of America, a public entity; Unknown Agent, of the INS, in her official capacity; Does, 1 to 30, Defendants—Appellees.**

No. 03–55560.
D.C. No. CV–01–00555–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided Jan. 7, 2005.

Kenneth N. Hamilton, The McMillan Law Firm, LA Mesa, CA, for Plaintiff–Appellant.

Richard Tolles, San Diego, CA, for Defendants–Appellees.

Before BROWNING, PREGERSON, and BERZON, Circuit Judges.

### MEMORANDUM**

This is an appeal of the district court's grant of summary judgment in favor of Defendant–Appellee Xochitle Felix and denial of Plaintiff–Appellant Cherry Mason's Fed.R.Civ.P. 56(f) motion for continuance of summary judgment in a wrongful death suit against a law enforcement officer. We affirm with respect to both issues.

On February 3, 2000, Xochitle Felix, a U.S. Border Patrol Agent, was working with the San Diego Police Department on a narcotics task force. Her duties included enforcing federal immigration laws with respect to criminal alien arrestees and providing support, as necessary to the task force.

At about 8:00 p.m., Agent Felix was taking Sonserra Holloway and a second female arrestee to the Mid–City Police Station for booking and detention. The two had been arrested for drug-related charges and were both handcuffed in the back seat of Agent Felix's patrol car. On the way to the police station, Holloway began kicking the rear window of the squad car. Agent Felix pulled the car over to calm Holloway. Once the patrol car was stopped, Holloway shattered the car's rear door window. Holloway was able to free one of her hands from the handcuffs and attempted to squeeze out of the broken rear door window. Agent Felix tried to stop Holloway, but Holloway overpowered Agent Felix and successfully

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

climbed out the shattered patrol car window.

A fracas ensued. Agent Felix, weighing approximately 135 pounds, tried to keep Holloway, weighing over 200 pounds, from escaping. The two wrestled near the patrol car. Holloway bit Agent Felix's hand, pulled Agent Felix's hair, and hit Agent Felix on the head. At this point, Agent Felix drew her pistol. Holloway grabbed the barrel of the gun and the weapon fell to the ground. The two dove for the gun—brawling on the pavement while trying to snag the weapon. Agent Felix snatched the gun and was crouched below Holloway. Holloway was standing above Agent Felix, holding onto Agent Felix's hair and body. Fearing for her life, Agent Felix fired her gun at Holloway's chest. Holloway died shortly after.

On March 21, 2001, Cherry Mason, Holloway's mother, filed a wrongful death action under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b), 2671–2680. Mason was initially represented by counsel and sought damages for Holloway's death. Nearly a year and a half later, Mason's original counsel withdrew from the case. Mason then proceeded *pro se.* In order to give Mason time to retain new counsel, or to continue *pro se,* the district court extended the discovery period, on two occasions, for over four months.

On January 21, 2003, Agent Felix moved for summary judgment. Mason, after requesting and receiving additional time, filed her *pro se* opposition to Agent Felix's summary judgment motion. The district court granted summary judgment in favor of Agent Felix on February 27, 2003. According to the district court, Agent Felix's belief that she faced death or serious injury from Holloway was reasonable, and justified her use of deadly force. In ruling on the motion, the district court concluded

that no genuine issues of material fact remained.

On March 3, 2003, *after* the district court had granted summary judgment, Mason's newly retained counsel, filed a Fed.R.Civ.P. 56(f) motion for a continuance of summary judgment pending further discovery. Mason requested that the district court withdraw its order granting summary judgment and asked for additional time so that she could retain a police procedures expert and depose two witnesses. The court denied the motion because (1) the motion was filed after the entry of summary judgment, (2) Mason had been given ample time to conduct discovery, and (3) Mason failed to identify "what particular evidence" she could actually obtain if additional discovery was allowed.

Mason now appeals the district court's orders granting summary judgment and denying her Rule 56(f) motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Standard of Review

The denial of a Fed.R.Civ.P. 56(f) motion is reviewed for an abuse of discretion. *See Weinberg v. Whatcom County,* 241 F.3d 746, 750–51 (9th Cir.2001). A grant of summary judgment is reviewed *de novo. See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.*

## The District Court's Grant of Summary Judgment

In FTCA cases, liability is determined in accordance with the law of the state where

the alleged wrong occurred. *See Carlson v. Green,* 446 U.S. 14, 23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *see also* 28 U.S.C. § 1346(b). "An officer may not use deadly force 'unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses significant threat of death or serious physical injury to the officer or others.'" *Ting v. United States,* 927 F.2d 1504, 1513 (9th Cir.1991) (quoting *Tennessee v. Garner,* 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). A determination whether deadly force is necessary must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

The uncontroverted facts show that Holloway bit, hit, and threatened Agent Felix. Indeed, the undisputed evidence demonstrates that Holloway "actively, violently, and successfully resisted arrest." *See Billington v. Smith,* 292 F.3d 1177, 1185 (9th Cir.2002). Based on these facts, Agent Felix's fear that Holloway would seriously injure or kill her was reasonable—as the district court concluded.

Moreover, to defeat summary judgment, it was not sufficient for Mason to simply attack the credibility of Agent Felix's affiants without providing supporting facts. *See* Fed.R.Civ.P. 56(e) advisory committee's notes (amended 1963). In fact, Mason failed to submit affidavits or relevant excerpts from depositions, answers to interrogatories, or admissions that would make the requisite factual showing that there was a genuine issue for trial. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Mason's Rule 56(f) motion

A Rule 56(f) motion must be timely filed. This means that a "Rule 56(f) motion must be brought before the summary judgment hearing." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Mason did not file her Rule 56(f) motion until *after* the district court had already issued its order granting summary judgment. Thus, the district court did not abuse its discretion in denying Mason's Rule 56(f) motion. *See Ashton–Tate Corp. v. Ross,* 916 F.2d 516, 520 (9th Cir.1990) ("[I]mplication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing.").

### Conclusion

Accordingly, we **AFFIRM** the district court's orders granting Agent Felix's summary judgment motion and denying Mason's Fed.R.Civ.P. 56(f) motion.